**TARA J. ELLIOTT**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, Montana 59807**
**105 E. Pine, 2nd Floor**
**Missoula, Montana 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Tara.Elliott@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**      Plaintiff,   vs.  **DREAM JESSYKA ANDERSON,**      Defendant. | CR 20-48-M-DLC   OFFER OF PROOF |

Defendant has signed a plea agreement which contemplates her plea of guilty to the Superseding Information, which charges the crime of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Defendant's plea of guilty will be unconditional.

1

The United States presented any and all formal plea offers to the Defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the Government's view, the most favorable offer extended to the Defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.** In order to prove the charge contained in the Superseding Information against the Defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine;

Second, the defendant possessed the methamphetamine with the intent to distribute it; and

Third, the defendant possessed more than five grams of actual methamphetamine.

**In order to prove the Forfeiture Allegation:**

The government would prove by a preponderance of the evidence that the items referenced in the superseding information and plea agreement constitute proceeds and/or facilitating property pursuant to 21 U.S.C. §§ 853(a)(1) and (2).

**PROOF**. If called upon to prove this case at trial, and to provide a factual basis for the Defendant's plea, the United States would present, by way of the

testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

Members of the DEA, local law enforcement, and a United States Postal Office Inspector would testify that, on May 27, 2020, a controlled delivery of a USPS parcel previously determined to contain methamphetamine was conducted at the Clinton post office in Clinton, Montana, and it was observed that Anderson assisted with the pick-up of the package by waiting in her co-defendant's vehicle while her co-defendant took possession of the parcel inside the post office. Law enforcement would also testify that, later, pursuant to a Montana State Search Warrant executed at Anderson and her co-defendant's residence and on their vehicles, firearms and additional methamphetamine, were seized.

When interviewed, Anderson admitted to receiving packages of drugs via the mail in the past.

In June of 2020, the U.S. Department of Justice Drug Enforcement Agency Western Laboratory completed an analysis on the package recovered from the post office and it was determined to contain over five grams of actual methamphetamine.

//


//

DATED this 22nd day of March, 2021.

                                                LEIF M. JOHNSON
                                                Acting United States Attorney

                                                */s/ Tara J. Elliott*
                                                Assistant U.S. Attorney
                                                Attorney for Plaintiff